UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BRAGGS,<br><br>    Plaintiff,<br><br>    v.<br><br>DONAT RICKETTS, et al.,<br><br>    Defendants. | No.  2:23-cv-00598-KJM-KJN<br><br>ORDER |

On April 20, 2023, the magistrate judge filed findings and recommendations, which were served on the parties.  (ECF No. 9.)  No objections period was required.

The court presumes that any findings of fact are correct.  *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979).  The magistrate judge's conclusions of law are reviewed de novo.  *See Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) ("[D]eterminations of law by the magistrate judge are reviewed de novo by both the district court and [the appellate] court . . . .").  Having reviewed the file, the court declines to adopt the findings and recommendations.

The magistrate judge recommended the court deny plaintiff's request to proceed in forma pauperis (IFP) because his "gross household income is over 150% of the 2023 poverty guideline."  F. & R. at 1, ECF No. 9.  Although "[m]any courts look to the federal poverty guidelines set by the United States Department of Health and Human Services ("HHS") as a guidepost in evaluating in forma pauperis applications," *C.C.R. v. Comm'r of Soc. Sec.*, No. 2-0640,

1

2021 WL 2534461, at *1 (E.D. Cal. June 21, 2021), the court finds reliance on just the poverty guideline is not enough to make a sufficient determination of a litigant's ability to pay. As the Ninth Circuit has noted, "[a]n affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). In his affidavit, plaintiff declares he has a monthly income of approximately $2,000 and monthly expenses of $2,380 for rent and utilities. IFP Appl., ECF No. 2. He also declares he has no liquid assets. *Id.* This leaves plaintiff with no income beyond his monthly cash flow, which is a net negative. *Cf. C.C.R.*, 2021 WL 2534461, at *1 (denying IFP status after finding plaintiff had "approximately $1,200.00 of income beyond her expenses each month"). Accordingly, the court finds the magistrate judge's analysis does not support the recommended denial of IFP status at this time.

However, the court recognizes there is a pending motion to strike before the magistrate judge, challenging the veracity of the statements in plaintiff's affidavit. *See* Mot. Strike, ECF No. 8. In the motion to strike, defendant argues plaintiff has omitted certain sources of income from his affidavit. *Id.* at 3–4. Because the motion to strike raises issues related to plaintiff's IFP application, this matter will be referred back to the assigned magistrate judge for further review and consideration of whether plaintiff meets the standard of 28 U.S.C. § 1915 as interpreted by *Escobedo* and *Adkins*.

Accordingly, IT IS ORDERED that:

1. The Findings and Recommendations filed April 20, 2023 (ECF No. 9), are NOT ADOPTED;
2. This matter is referred back to the assigned magistrate judge for further proceedings consistent with this order.

DATED: May 23, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE

2