UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BRAGGS, | No. 2:23–cv–00598–KJM–KJN PS |
| Plaintiff, | ORDER |
| v. | |
| DONAT RICKETTS, | |
| Defendant. | |

      On April 20, 2023, the undersigned issued findings and recommendations on plaintiff's application to proceed in forma pauperis ("IFP") under 28 U.S.C. § 1915.[1] (ECF No. 9.) The undersigned recommended plaintiff's IFP application be denied because plaintiff's income surpassed 150% of the 2023 federal poverty guidelines. (Id. at 1.) The district judge did not adopt the findings and recommendations in light of plaintiff's high living expenses, and instead remanded plaintiff's IFP application to the undersigned for further review and for consideration of defendant's "ex parte motion to strike," which the undersigned construes as an opposition to plaintiff's IFP application.[2] (ECF No. 10 at 2.)

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21). See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

[2] "Under the express language of [Rule 12(f)], only pleadings are subject to motions to strike." Sidney–Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). Rule 7(a) limits the definition of "pleadings" to complaints, third-party complaints, answers, and replies to answers.

Courts have discretion to make a factual inquiry and to deny an application to proceed IFP when an applicant is "unable, or unwilling, to verify their poverty." United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981). A litigant need not be destitute to proceed IFP. "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." Escobedo v. Applebees, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948). An IFP application is adequate where it alleges poverty "with some particularity, definiteness and certainty." McQuade, 647 F.2d at 940 (citing Jefferson v. United States, 277 F.2d 723, 725 (9th Cir. 1960)).

In his application to proceed IFP, plaintiff declared, under penalty of perjury, that he works as a barber, his monthly income is approximately $2,000, he has no liquid assets, and his monthly expenses total $2,380. (ECF No. 2.) However, defendant's opposition alleges plaintiff's income is higher than is reflected in the IFP application. (See ECF No. 8 at 5) (alleging plaintiff receives income from Google and advertises his CashApp and PayPal account to many YouTube subscribers).

Defendant's allegations suggest further factfinding may be required in order to render a determination on plaintiff's IFP status. Plaintiff is therefore ordered to respond to the allegations in defendant's opposition within thirty days by providing additional information concerning his income and expenses. Alternatively, if plaintiff no longer intends to pursue IFP status, plaintiff may elect to pay the filing fee within thirty days. If plaintiff pays the filing fee ($322 remaining, as plaintiff has already made one $80 payment), his complaint will be processed by the clerk's office and a summons will issue.

////

---

Fed. R. Civ. P. 7(a). Because an IFP application is not a pleading, a motion to strike is not a proper vehicle for challenging plaintiff's IFP application. See Olson v. Bynum, No. 22-0CV-2481-TLN-KJN-PS, 2021 WL 6000012, at *1 (E.D. Cal. Dec. 20, 2021) ("[Motions to strike] cannot be used to strike an affidavit or declaration, as these are not pleadings."). Accordingly, the court construes defendant's "motion to strike" as an opposition to plaintiff's IFP application. (ECF No. 8.)

**ORDER**

Accordingly, the court HEREBY ORDERS that plaintiff shall EITHER:

1. Respond to the allegations in defendant's opposition within thirty days by providing additional information concerning his income and expenses; OR

2. Pay the remaining filing fee within thirty days. If plaintiff pays the filing fee ($322 remaining, as plaintiff has already made one $80 payment), his complaint will be processed by the clerk's office and a summons will issue.

Dated: June 5, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE