UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BRAGGS, | No. 2:23–cv–00598–KJM–KJN PS |
| Plaintiff, | ORDER |
| v. | |
| DONAT RICKETTS, | |
| Defendant. | |

On April 20, 2023, the undersigned recommended plaintiff's application to proceed in forma pauperis ("IFP") be denied because plaintiff's income surpassed 150% of the 2023 federal poverty guidelines. (ECF No. 9 at 1.) The findings and recommendations were not adopted and plaintiff's IFP application was remanded to the undersigned for further review and for consideration of defendant's "ex parte motion to strike," which the undersigned construed as an opposition to plaintiff's IFP application.[1] (See ECF No. 11 at 1, citing ECF No. 10.)

On June 5, 2023, the undersigned ordered plaintiff to either respond to the allegations in defendant's opposition within thirty days or pay the remaining filing fee within thirty days. (ECF No. 11.) However, over thirty days passed and plaintiff has not complied with the court's order.

"District courts have inherent power to control their dockets" and in exercising that

---

[1] Defendant certified that the opposition was served on plaintiff on April 13, 2023. (ECF No. 8 at 8.)

1

power, may impose sanctions, including dismissal of an action. <u>Thompson v. Hous. Auth., City of Los Angeles</u>, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. <u>See</u>, e.g., <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint). Rule 41(b) of the Federal Rules of Civil Procedure authorizes courts to dismiss an action for failure to comply with a court order.

The court has considered whether this action should be dismissed at this juncture due to plaintiff's failure to respond to the court's June 5, 2023 order. However, in light of plaintiff's pro se status, the court first attempts lesser sanctions by issuing this order to show cause.

**ORDER**

Accordingly, IT IS ORDERED that:

1. Within twenty-one days of the date of this order, plaintiff shall show cause in writing why this action should not be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) based on plaintiff's failure to comply with the court's June 5, 2023 order, ECF No. 11;

2. Within twenty-one days of this order, plaintiff shall respond to the allegations in defendant's opposition, ECF No. 8, or pay the remaining filing fee;

3. Failure to timely comply with the terms of this order will result in a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b); and

4. The Clerk of Court shall serve copies of the following on both parties:

    a. Defendant's April 17, 2023 opposition (erroneously titled "Ex Parte Motion to Strike"), ECF No. 8;

    b. The court's June 5, 2023 order, ECF No. 11; and

    c. this order.

Dated: October 10, 2023

brag.0598

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE